## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

APR 27 2026 PM12:45
FILED - USDC - BPT - CT

| | | |
|---|---|---|
| John Hilaire, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | Case No. **3:26-CV-00650-VAB** |
| | ) | |
| VS. | ) | **TILA 15 U.S.C. § 1601** |
| | ) | |
| **AMERICAN EXPRESS NATIONAL BANK;** | ) | **FCRA 15 U.S.C. § 1681** |
| | ) | |
| Defendants | ) | |
| | ) | **FIRST AMENDED COMPLAINT** |

## I. INTRO

This action arises from Defendant's continued inaccurate reporting, enforcement, and characterization of Plaintiff's consumer credit Accounts without providing a clear and substantiated explanation of the basis for such reporting and enforcement after being disputed.

This action does not challenge the existence of a consumer credit relationship in the abstract. Rather, it arises from Defendant's continued assertion of a balance, continued furnishing of information to consumer reporting agencies, and continued treatment of accounts as an enforceable obligation without providing a clear and substantiated legal basis for doing so after the accounts became disputed.

In parallel, Defendant furnished information concerning the accounts in question to third parties, including consumer reporting agencies, while using Plaintiff's personal and financial

information without providing a clear explanation of the purpose for such use, failing to provide opt out disclosure notices required under the Gramm-Leach-Bliley Act ("GLBA"), implicating federal consumer financial privacy principles. Plaintiff alleges that such conduct forms the basis for claims arising under federal and state consumer protection laws, including the Fair Credit Reporting Act, the Truth in Lending Act, and the Connecticut Unfair Trade Practices Act.

## II. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the laws of the United States of America.

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims, which arise from the same transactions and occurrences and share a common nucleus of operative fact.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## III. PARTIES

4.      Plaintiff John Hilaire is a customer, and consumer who entered into a credit account relationship with Defendant on or about August 26, 2013.

5.      Defendant American Express National Bank ("American Express National Bank" or "American Express") is a federally chartered national banking association affiliated with American Express Company.

## IV. FACTUAL ALLEGATIONS

1.    Defendant American Express National Bank is a financial institution engaged in issuing and servicing consumer credit accounts.

2.    On or about August 26, 2013, Plaintiff opened an American Express consumer credit card account ending in ****0004.

3.    Plaintiff subsequently maintained additional American Express credit accounts, including accounts ending in ****31000, ****52001, and ****81005 (collectively, the "Accounts").

4.    The Accounts at issue are credit card accounts issued and administered by Defendant.

5.    Plaintiff requested that Defendant identify the entity that owns or claims ownership of the Accounts.

6.    Defendant has not provided Plaintiff with documentation identifying the entity that owns the Accounts.

7.    Plaintiff further requested a complete accounting of the Accounts.

8.    Defendant did not provide a complete accounting of the accounts.

9.    Plaintiff also requested clarification regarding the basis upon which the Accounts continue to be reported to consumer reporting companies and enforced.

10.    Defendant did not provide documentation or a written explanation addressing those requests.

11.    Defendant did not provide a clear explanation of the basis upon which the Accounts would be administered, reported, or enforced following restriction or dispute.

12.    At the time of origination, Defendant provided Plaintiff with a Cardmember Agreement describing the Accounts as a traditional revolving consumer credit accounts.

13.     The applicable Cardmember Agreement included provisions addressing the sharing of account information with third parties non-affiliates.

14.     Plaintiff did not receive any opt-out notices from defendant regarding the reporting of the financial information associated with the accounts.

15.     The Cardmember Agreement did not disclose how information derived from the Accounts, including account balances and payment activity, would be used, maintained, or incorporated into Defendant's broader financial and reporting practices.

16.     During the time Plaintiff maintained the Accounts, Defendant administered the Accounts, including setting credit limits, assessing fees and interest, posting payments, imposing restrictions, and determining account status.

17.     Defendant's billing statements reflected balances, minimum payments, and finance charges calculated and presented within the framework of a bilateral creditor debtor relationship.

18.     During this same period, Defendant's public disclosures to investors and regulators described credit card account activity and related financial information as part of broader funding, risk management, and reporting frameworks.

19.     Defendant has not provided Plaintiff with a written explanation of how those practices affect the reporting, maintenance, or enforcement of the Accounts at issue.

20.     Plaintiff performed under the Accounts by making payments as required.

21.     Plaintiff relied on Defendant's representations regarding the nature of the Accounts, the application of payments, and Defendant's authority to administer, restrict, or terminate the Account.

22.     Defendant has not provided Plaintiff with a written explanation of how those practices affect the reporting, maintenance, or enforcement of the Accounts at issue.

23. At no point prior to the events described below did Defendant provide Plaintiff with notice that information derived from the Accounts would be used for purposes beyond routine account administration.

24. On or about October 8, 2023, Plaintiff was contacted by the defendants' representative and informed that the Accounts had been placed under a "financial review."

25. Subsequent written communications did not identify any specific factual basis, risk factor, or triggering event for the review.

26. On or about October 8, 2023, and following the initial communication regarding the financial review, defendant transmitted a written notice to Plaintiff.

27. In that October 8, 2023 transmitted written notice, defendant stated that it had "recently requested some documents in order to conduct a financial review" and instructed Plaintiff to submit personal and financial documents through a secure third-party upload portal designated by American Express.

28. The October 8, 2023 transmitted written notice warned that failure to provide the requested documents within a specified timeframe could result in adverse credit actions, "up to and including cancellation of the account(s)".

29. The October 8, 2023 transmitted written notice further stated that the Accounts had been restricted such that no additional charges would be approved until the review was completed.

30. The October 8, 2023 transmitted written notice did not identify what documents were required beyond a general reference to "financial information,".

31.    In reliance on these instructions, Plaintiff timely uploaded the requested documents through the secure portal identified by defendant, using the cover sheet and procedures specified in the October 8, 2023 transmitted written notice.

32.    On or about October 13, 2023, despite Plaintiff's prior submission of documents, defendant transmitted a substantially identical written notice again stating that it was requesting documents to conduct a financial review.

33.    Plaintiff again complied by uploading the requested information through the designated secure portal, in accordance with defendant's instructions.

34.    On or about October 26, 2023, defendant transmitted an additional written notice to Plaintiff stating that it could not complete the financial review because it required "additional documents."

35.    The October 26, 2023 notice did not identify what specific information was missing, what criteria remained unsatisfied.

36.    The October 26, 2023 notice reiterated that the Accounts remained restricted, warned that failure to contact the defendant within seven business days could result in permanent cancellation, and instructed Plaintiff to contact American Express by telephone.

37.    Later on October 26, 2023, before Plaintiff was afforded a meaningful opportunity to provide any further information, Defendant transmitted a notice stating that, "after a recent review," the Accounts had been cancelled, effective immediately.

38.    The October 26, 2023 cancellation notice did not identify any findings, violations, or adverse determinations arising from the financial review.

39.    The October 26, 2023 cancellation notice did not provide any explanation for the permanent termination of the Accounts following Plaintiff's documented compliance.

40.     Following the restriction and cancellation of the Accounts, Defendant continued to report balances allegedly due and account status information to consumer reporting agencies without providing documentation explaining how such balances were calculated or maintained after the Accounts were closed.

41.     Defendant further continued to furnish information concerning the Accounts to consumer reporting companies, including account status, balances, and payment history, after the Account had been allegedly charged off.

42.     At no time following cancellation did defendants provide Plaintiff with a written explanation identifying the factual findings of the financial review, and the basis for cancellation.

## V. <u>CLAIMS FOR RELIEF</u>

### FIRST CLAIM FOR RELIEF
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq

43.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

44.     Defendant furnished information concerning the Accounts to one or more consumer reporting agencies.

45.     The Fair Credit Reporting Act requires furnishers of information to provide accurate information and, upon notice of a dispute from a consumer reporting agency, to conduct a reasonable investigation and review all relevant information.

46.     Plaintiff disputed the reporting of the Accounts and requested clarification and documentation regarding the basis for the reported balances, the identity of the entity entitled to enforce the Accounts, and the authority under which the Accounts were being reported.

47.     Plaintiff submitted disputes concerning the Accounts to one or more consumer reporting agencies. Upon information and belief, those consumer reporting agencies notified

Defendant of the dispute pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

48.     Rather than conducting a reasonable investigation of Plaintiff's dispute, Defendant refused to provide a substantive response and instead directed Plaintiff to third-party litigation counsel, without conducting or documenting a reasonable investigation or addressing the basis for the disputed reporting.

49.     Defendant did not provide documentation substantiating the basis for the continued reporting of the Accounts.

50.     Notwithstanding Plaintiff's dispute, Defendant continued to furnish and verify information concerning the Accounts to consumer reporting agencies.

51.     Upon information and belief, Defendant failed to conduct a reasonable investigation, failed to review all relevant information provided in connection with the dispute, and failed to report the results of any investigation to the consumer reporting agencies.

52.     Defendant continued to furnish and verify information concerning the Accounts despite the absence of a clear and substantiated basis for such reporting.

53.     The information furnished and verified by Defendant concerning the Accounts is inaccurate and/or materially misleading, including but not limited to the reporting of balances, account status, and/or payment history in a manner that does not reflect a clear and substantiated basis and creates a misleading impression of Plaintiff's obligations.

54.     Defendant's conduct constitutes a failure to comply with its obligations under the Fair Credit Reporting Act, including 15 U.S.C. §1681s-2(b), after receiving notice of Plaintiff's disputes from one or more consumer reporting agencies and failing to conduct a reasonable

investigation, review relevant information, and report accurate results. (See *Sprague v. Salisbury Bank & Trust Co.*, and *Longman v. Wachovia Bank, N.A.*,)

55.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm, including damage to creditworthiness, loss of credit opportunities, increased cost of credit, and other damages to be proven at trial.

56.    Defendant's violations were negligent and/or willful within the meaning of the Fair Credit Reporting Act.

## SECOND CLAIM FOR RELIEF
### Violation of the Truth in Lending Act - 15 U.S.C. § 1637 and Regulation Z

57.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

58.    Defendant extended open-end consumer credit to Plaintiff through the Accounts and was required to provide clear and accurate disclosures regarding the terms of credit, account balances, and account status pursuant to the Truth in Lending Act and its implementing regulation, Regulation Z, including 15 U.S.C. § 1637 and 12 C.F.R. § 1026.6 and § 1026.7.

59.    Following the restriction, financial review, and subsequent cancellation of the Accounts, Plaintiff requested clarification regarding the basis for the reported balances, the application of prior payments, and the continued maintenance and reporting of the Accounts.

60.    Plaintiff's March 12, 2026 written notice specifically requested a complete accounting of the Accounts, including identification of the entity entitled to receive payment, the basis upon which the balances were calculated, and the authority under which the Accounts continued to be reported.

61.    Defendant did not provide a clear explanation of how the reported balances were calculated, how prior payments were applied, or the basis upon which balances continued to be maintained following restriction and cancellation of the Accounts.

62.    Instead of providing the requested disclosures and explanations, Defendant responded that it would not address Plaintiff's concerns because the Accounts were in active litigation and directed Plaintiff to third-party counsel without providing any substantive information regarding the Accounts.

63.    Defendant continued to maintain and furnish information reflecting balances allegedly due without providing disclosures that clearly and accurately explained the amount owed, the basis for such amounts, or the status of the Accounts, as required under TILA.

64.    Defendant's failure to provide clear and accurate disclosures regarding the Accounts, including the calculation of balances and the status of the Accounts following restriction and cancellation, constitutes a violation of the Truth in Lending Act, including 15 U.S.C. § 1637 and its implementing regulations.

65.    As a result of Defendant's conduct, Plaintiff has suffered harm, including confusion regarding the status of the Accounts, inability to verify the accuracy of reported balances, denial of credit, and financial harm resulting from reliance on inaccurate or incomplete account information.

66.    Defendant's violations were negligent and/or willful within the meaning of the Truth in Lending Act.

## THIRD CLAIM FOR RELIEF
### Declaratory Judgment – 28 U.S.C. § 2201

67.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

68. An actual and justiciable controversy exists between Plaintiff and Defendant concerning the legal status of the Accounts and Defendant's ongoing authority to report, maintain, and enforce the Accounts.

69. Defendant continues to report the Accounts to consumer reporting agencies and to assert that balances are owed, while declining to provide a clear and substantiated explanation of the basis for such reporting and enforcement.

70. Plaintiff disputes the validity, status, and characterization of the Accounts and has requested clarification regarding the identity of the entity entitled to enforce the Accounts and the basis for the reported balances.

71. Defendant has not provided a substantive response resolving these issues and continues to assert that the Accounts are valid and enforceable obligations.

72. As a result, there exists a present and ongoing dispute regarding the respective rights and obligations of the parties with respect to the Accounts.

73. Plaintiff seeks a declaration from this Court determining:

   (a) whether Defendant has a lawful basis to continue reporting the Accounts to consumer reporting agencies;

   (b) whether Defendant has a lawful basis to maintain and assert the reported balances;

   (c) whether Defendant has the authority to enforce the Accounts as currently characterized;

   (d) the respective rights and obligations of the parties with respect to the Accounts going forward.

74. Such declaratory relief will resolve the ongoing uncertainty between the parties and guide future conduct, including the continued reporting and enforcement of the Accounts.

75.    Plaintiff seeks this relief to clarify prospective rights and obligations and to prevent continued harm arising from unresolved and disputed account status.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Connecticut Unfair Trade Practices Act – Conn. Gen. Stat. § 42-110b et seq.)

76.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

77.    Defendant American Express National Bank is engaged in trade or commerce within the State of Connecticut, including the issuance, servicing, collection, and reporting of consumer credit accounts.

78.    Plaintiff is a consumer within the meaning of CUTPA and engaged in transactions for personal, family, or household purposes.

79.    In the course of its business, Defendant initiated and conducted a financial review of Plaintiff's Accounts, during which Defendant requested personal and financial documentation without identifying any specific deficiency, risk factor, or factual basis for the review.

80.    Defendant issued written communications requesting "additional documents" without specifying what information was missing or how Plaintiff's prior submissions were insufficient.

81.    Defendant imposed restrictions on the Accounts and ultimately cancelled the Accounts without providing a clear explanation of the basis for such actions.

82.    Following restriction and cancellation, Defendant continued to maintain balances allegedly due and furnished information concerning the Accounts to consumer reporting agencies.

83.    Plaintiff submitted a written request for clarification and accounting, including the identity of the enforcing entity, the basis for the reported balances, and the authority for reporting and enforcement.

84.    Defendant did not provide a substantive response addressing Plaintiff's requests and instead refused to address the substance of the dispute, directing Plaintiff to third-party litigation counsel without providing the requested information.

85.    Notwithstanding the unresolved dispute, Defendant continued to report the Accounts and assert that balances were owed.

86.    Defendant's conduct, as described above, occurred in the course of trade or commerce and involved the administration, enforcement, and reporting of consumer credit accounts.

87.    Defendant's conduct constitutes unfair and deceptive acts or practices within the meaning of CUTPA, including:

(a) initiating and maintaining a financial review process without providing clear criteria or explanation;

(b) requesting documentation without identifying specific deficiencies or requirements;

(c) restricting and cancelling Accounts without providing a clear basis for such actions;

(d) continuing to maintain and report account balances without providing a clear and substantiated explanation of such balances;

(e) refusing to provide a meaningful response to Plaintiff's requests for clarification and accounting; and

(f) Characterizing the Accounts as standard consumer obligations while failing to provide a clear explanation of their administration, balances, and continued reporting and enforcement.

88.     Defendant's conduct offends public policy as reflected in federal and state consumer protection laws requiring transparency, accuracy, and fair dealing in the administration and reporting of consumer credit accounts.

89.     Defendant's conduct was immoral, unethical, oppressive, or unscrupulous in that it subjected Plaintiff to ongoing uncertainty regarding the status of the Accounts while continuing to assert and report alleged obligations without providing a clear explanation.

90.     Defendant's conduct caused substantial injury to Plaintiff, including damage to credit reputation and creditworthiness, loss of credit opportunities, increased cost of credit, and other ascertainable losses.

91.     As a result of Defendant's conduct, Plaintiff has suffered measurable financial harm, including but not limited to increased borrowing costs, adverse credit determinations, higher down payment requirements in connection with credit applications, and other quantifiable economic losses.

92.     Plaintiff seeks all relief available under CUTPA, including actual damages, punitive damages, equitable relief, and attorneys' fees to the extent permitted by law.

## VI. <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for  trial by jury exists under the Constitution and laws of the United States of America.

Page 14

## VII. <u>RELIEF REQUESTED</u>

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant American Express National Bank, and grant the following relief:

1. **Declaratory relief** pursuant to 28 U.S.C. § 2201, declaring that:

• Whether Defendant has a lawful basis to continue reporting the Accounts to consumer reporting agencies;

• Whether Defendant has a lawful basis to maintain and assert the reported balances;

• Whether Defendant has the authority to continue enforcing the Accounts as currently characterized; and

• The respective rights and obligations of the parties with respect to the Accounts on a going-forward basis.

2. **Statutory Damages** pursuant to 15 U.S.C. § 1681n for willful noncompliance with the Fair Credit Reporting Act;

3. **Actual Damages** pursuant to 15 U.S.C. § 1681o and Conn. Gen. Stat. § 42-110g in an amount to be determined at trial for injuries suffered as a result of Defendant's conduct, which Plaintiff alleges are substantial and exceed $420,000.00, including damage to credit reputation, loss of credit opportunities, increased cost of credit, out-of-pocket expenses, and other economic and non-economic harm, as will be proven at trial.

4. **Costs and reasonable attorneys' fees** pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Conn. Gen. Stat. § 42-110g(d).

5. **Equitable and injunctive relief**, including but not limited to:

• An order requiring Defendant to conduct a reasonable investigation and to correct or modify any information determined to be inaccurate, incomplete, or not supported by such investigation.

6.      **Punitive damages** as permitted under applicable law, including but not limited to 15 U.S.C. § 1681n and Conn. Gen. Stat. § 42-110g.

7.      Such other and further relief as the Court deems just, proper, and equitable.

## VIII. VERIFICATION

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against American Express National Bank is true, and that I will verify the same in open court.

Executed this 27th day of April, 2026.

By:_____

John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF: Connecticut                                     COUNTY OF: Fairfield

Subscribed and affirmed before me this _____ 27 day of _____ April _____, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

LIDIA FRAGA JESUS
Notary Public
Connecticut
My Commission Expires Aug 31, 2028

_____

Notary Public                              My Commission Expires: _____ August 31, 2028

## CERTIFICATION

I hereby certify that on this 27th day of April, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendants at the following address:

**Defendant:** American Express National Bank

**Defendants' Registered Agent Service Addresses in Connecticut:** CT Corporation System, 357 East Center Street, Ste. 2 J, Manchester, CT, 06040

Service will be affected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

By:_____

John Hilaire